# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ANDREW ROMEO JOHNSON,**

    **Plaintiff,**

**vs.**                               **Case No. 4:10cv513-MP/WCS**

**WARDEN PIPPEN,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 7. Plaintiff has named only one Defendant: Mr. Pippen, the warden of Liberty Correctional Institution. *Id.* Plaintiff complains that he is exposed to second hand smoke, that the Defendant is aware that despite the fact that smoking is prohibited inside the buildings at the institution, the "no smoking ban" is not enforced. *Id.*, at 5. In a separate order entered this day, Plaintiff has been directed to provide a copy of the amended complaint for service on the Defendant.

Plaintiff has also filed a motion for an injunction and restraining order. Doc. 8. Plaintiff's states that he seeks an order which will "prevent the Department of Corrections employees from taking any retaliatory action against Plaintiff in this civil suit . . . and that they order applie [sic] to all employees." *Id.*, at 1. Plaintiff wants the injunction to remain in place as long as this case is pending. *Id.* Plaintiff also wants an order which will require Department of Corrections employees from housing him in a building "where tobacco smoke and second hand smoke is prevalent and exposure is unavoidable." *Id.* In other words, Plaintiff seeks an order requiring all persons, whether parties to this case or not, to comply with the law in the future. Plaintiff provides no facts showing any threat of retaliation.

Under FED. R. CIV. P. 65, a preliminary injunction can only be issued when the movant provides specific facts showing he or she is facing imminent and irreparable injury or harm. Plaintiff's motion is insufficient on its face.

Moreover, granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff has failed to meet all the prerequisites for injunctive relief because he has not shown that there is a substantial threat of irreparable injury. Furthermore, should Plaintiff be able to prove that Defendants acted in retaliation for Plaintiff having filed the case at bar, Plaintiff would be able to recover damages under 42 U.S.C. § 1983. Because Plaintiff has an adequate remedy at law should his fear become reality, there cannot be a finding of irreparable injury. The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury. Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *see* Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976). Thus, failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury."

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunction and restraining order, doc. 8, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2011.


  S/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**