## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANDREW ROMEO JOHNSON,**

      **Plaintiff,**

**vs.**                            **Case No. 4:10cv513-MP/WCS**

**WARDEN PIPPEN,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed an amended complaint, doc. 7, and service was directed. Docs. 17, 20. Defendant has now filed a motion to dismiss. Doc. 27. Ruling was deferred and Plaintiff given an opportunity to file a response. Doc. 28. Plaintiff has responded in opposition, doc. 30, and the motion is ready for a ruling.

Defendant Pippen contends this case should be dismissed for Plaintiff's failure to disclose prior court filings. Doc. 27. Defendant also argues that Plaintiff did not properly exhaust administrative remedies prior to initiating this case. *Id.*

**The Amended Complaint, doc. 7**

Plaintiff used a civil rights complaint form provided by the Clerk of Court to submit the amended complaint. Doc. 7. The complaint form asks prisoner litigations to

disclose all prior civil cases filed and, moreover, if the plaintiff is unsure of any prior cases filed, that "fact must be disclosed as well." *Id.*, at 3.  The complaint forms asks whether the plaint had initiation other actions in state court (Question A) or federal court (Question B) concerning the same or similar facts or issues in this case.  Plaintiff answer both questions with No.  *Id.*, at 3.  Question C asks whether Plaintiff had initiated other actions "in either state of federal court that relate to the fact or manner of" the Plaintiff's incarceration or the conditions of confinement.  *Id.*, at 4.  Thus, a plaintiff must disclose habeas and civil rights actions, and Plaintiff responded with No.  *Id.* Question D asks whether a plaintiff has "ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  *Id.*  Plaintiff also answered that question with No.  *Id.*

Plaintiff's claim in this case is that he is exposed to second hand smoke for approximately eighteen hours every day and the Defendant does not enforce the Department of Corrections' "no smoking" ban.  *Id.*, at 5.  Plaintiff alleged that Defendant approved Plaintiff's grievance on October 5, 2010, "in reference to tobacco smoke exposure inside the housing areas" but said no action was taken "to correct the problem that is in his ability and power to do . . . ."  *Id.*

**Motion to Dismiss, doc. 27**

Defendant Pippen moves to dismiss Plaintiff's complaint because Plaintiff failed to disclose prior federal lawsuits.  Defendant asserts that Plaintiff initiated case 4:05cv495 in the Northern District of Florida, and failed to list that case.  *Id.*, at 2. Defendant also states that prior to his incarceration on February 25, 2005, in the Florida Department of Corrections, Plaintiff was incarcerated in Alabama from April 24, 1996,

through May 18, 1998.  *Id.*, at 3.  During that time, Defendant asserts that Plaintiff initiated case 2:96cv1304-MHT-CSC, which was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).  *Id.*  Plaintiff also initiated a habeas corpus petition, case 1:98cv605-WHA-CSC.  The addresses for Plaintiff in both cases was in Quincy, Florida, which Defendant asserts was Plaintiff's address and confirms it is the same person who initiated this action.  *Id.*, at 3-4.  Further, the report and recommendation of Magistrate Judge Coody specifically noted plaintiff was incarcerated in Alabama when he file the habeas petition, but he was transferred to Florida pursuant to a detainer.  *Id.*, at 4.  In addition to those two cases, Plaintiff initiated a third case, a civil rights complaint, filed in Alabama as case 1:98cv1371.  Plaintiff provided the same Quincy address as in the prior two cases.  That complaint was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*  Thus, Defendant has shown that Plaintiff filed three prior civil rights actions and one habeas petition which he failed to disclose, and of those, Plaintiff had two cases dismissed as "strikes" under § 1915.

Defendant acknowledges that Plaintiff filed an informal grievance to the Warden on October 4, 2010, and it was granted.  *Id.*, at 5.  Plaintiff then submitted a grievance appeal to the Secretary's Office on October 28, 2010, asserting that although his informal grievance has been approved, no relief had been provided.  *Id.*  Defendant notes the problem with that process is that after filing an informal grievance, a prisoner must proceed to the formal grievance level before submitting an appeal to the Secretary.  *Id.*  Defendant contends that the appeal was returned to Plaintiff and he was provided fifteen days in which to attach a formal grievance to his appeal and resubmit it.

*Id.*, at 5.  Defendant reports that Plaintiff did not do so but instead, initiated this civil

rights action on November 10, 2010.  *Id.*

**Plaintiff's response, doc. 30**

Plaintiff states that he "informed Clerk of this Court that he was not able to

exhaust his administrative remedies due to officer here at Liberty Correctional Institution

would not give nor provide me with the appropiate [sic] forms to comply with the

grievance procedure . . . ."  Doc. 30, p. 1.  Plaintiff's response also suggests he was

without knowledge of 42 U.S.C. § 1997e(b) or 42 U.S.C. § 1997c(A)(1) because the

Florida Department of Corrections "removed all U.S.C." books out of the inmate law

library years ago.  *Id.*, at 1-2.  Plaintiff suggests he was unaware of the requirements of

§ 1997.  *Id.*, at 3.   Further, Plaintiff asserts that the "only way" Plaintiff could have

properly exhausted administrative remedies would be "an order from this Court that

Defendant provide Plaintiff with adequate forms and undue delays . . . ."  *Id.*, at 4.

Plaintiff also states that at his institution, he cannot view the cases Defendant

researched online and "Plaintiff did not remember what had or had not been filed in the

courts in the pass [sic] due to the culling of mind of all prior unrelevant issues to the

criminal charge that demanded all his attention . . . ."  *Id.*, at 2.  Plaintiff contends he has

"no way to research the federal court's records of" his prior civil rights lawsuits because

he does "not have the liberty of online computer research that Defendant have [sic]."

*Id.*, at 2-3.

**Analysis**

In enacting the Prison Litigation Reform Act, Congress mandated that "[n]o action

shall be brought with respect to prison conditions under section 1983 of this title, or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a), *quoted in* doc. 27, p. 9. The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  The exhustion requirement of § 1997e(a) is not jurisdictional, however.  Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  "Requiring

exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[1].

A prisoner must also comply with the process set forth and established by the grievance procedures. See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance. See Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373.

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), relying on Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of

---

[1] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances.").

production and persuasion are given to the same party); <u>Roberts v. Barreras</u>, 484 F.3d 1236, 1240 (10th Cir. 2007) ("<u>Jones</u> does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to <u>Jones</u> have all put the burden of proof on defendants, to the extent that they addressed the issue.").

Factual disputes concerning the exhaustion of administrative remedies may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." <u>Bryant</u>, 530 F.3d at 1373-74, 1376. Even though evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a "matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion. *Id.*, at 1374-75. The Court must assure that a prisoner-plaintiff has fair notice of the opportunity to develop a record to show he or she has exhausted available remedies. When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs "which permits courts to hear evidence outside of the record on affidavits submitted by the parties." <u>Bryant</u>, 530 F.3d at 1377, n.16.[2]

However, an inmate is not required to grieve a "breakdown in the grievance process" because the PLRA only requires that a prisoner exhaust his "available administrative remedies." <u>Turner v. Burnside</u>, 541 F.3d 1077, 1083 (11th Cir. 2008).

---

[2] The Court suggested in <u>Bryant</u>, that it is appropriate to make credibility findings on review of documentary evidence, at least in the absence of a timely request for an evidentiary hearing by a party.

"[I]t is possible for retaliation or the threat of retaliation to make administrative remedies

unavailable to an inmate."  *Id.*, at 1084 (citations omitted).

> A remedy has to be available before it must be exhausted, and to be
> "available" a remedy must be capable of use for the accomplishment of
> [its] purpose."  Remedies that rational inmates cannot be expected to use
> are not capable of accomplishing their purposes and so are not available.

*Id.* (citation omitted).

> We conclude that a prison official's serious threats of substantial retaliation
> against an inmate for lodging or pursuing in good faith a grievance make
> the administrative remedy "unavailable," and thus lift the exhaustion
> requirement as to the affected parts of the process if both of these
> conditions are met:  (1) the threat actually did deter the plaintiff inmate
> from lodging a grievance or pursuing a particular part of the process; and
> (2) the threat is one that would deter a reasonable inmate of ordinary
> firmness and fortitude from lodging a grievance or pursuing the part of the
> grievance process that the inmate failed to exhaust.

*Id.*. at 1085.

Plaintiff is housed within the Florida Department of Corrections which has an

administrative grievance program, FLA. ADMIN. CODE R. 33-103.  There is no dispute that

the grievance process is a three-step process requiring an inmate to file an informal

grievance, and then a formal grievance, concluding with a grievance appeal. *Id.*  There

is no dispute that Plaintiff did not do so.  He acknowledges that he failed to exhaust

administrative remedies but suggests that the remedies were unavailable to him

because unidentified officers failed to "give" him the appropriate forms.  Plaintiff's

suggestion is not well taken.  Plaintiff does not identify even a single prison official who

he asked for a form, nor does Plaintiff state who refused to provide him with a form.

Plaintiff does not allege he was in confinement and could not access the forms on his

own without the need for a prison official to "give" him the form.

Moreover, this is not the situation where Plaintiff was not provided forms to use for submitting his grievance.  In this case, Plaintiff was able to file the informal grievance on October 4th, and a timely response was immediately provided to Plaintiff the very next day, October 5th.  Doc. 27-9.  Even more revealing is that in the informal grievance, Plaintiff said, "Sir: I have been told to write this informal grievance to request being moved to a single bunk cell . . .  to get relief from the tobacco smoke . . . . ."  Doc. 27-9.  Considering Plaintiff states he was "told to write" an informal grievance, and did so without delay or incident, it is unlikely that his efforts to pursue the grievance process were thwarted.  Furthermore, his informal grievance to the warden was "approved." The response advised Plaintiff that smoking inside prison buildings was prohibited and the "information [would] be provided to the Shift Supervisors and Correctional Staff will continue to monitor and take the appropriate action."  *Id.*, at 2.

Plaintiff's claim that he could not get forms to exhaust is also unlikely because he then obtained a form *and filed* an appeal to the Secretary.  Doc. 27-10.  Plaintiff noted in that appeal that he had filed an informal grievance on October 4, 2010, and said his grievance was "approved" but no relief was actually provided.  *Id.*  Plaintiff then made the following statement:

> "I Andrew R. Johnson, a [sic] inmate here at Liberty Correctional Institution feels that it may be an adverely [sic] affect against him if he submit [sic] this grievance at the institutional level because of the sensitive nature of this grievance.  In accordance with Rule 33-303 of Florida Administrative Code to file and address his grievance directly to the Secretary's Office out of fear for my physical safety."

*Id.*  Plaintiff's reason for bypassing the formal grievance level was not accepted and he was told to file a formal grievance to the warden.  Doc. 27-11.

It is more likely than not, if Plaintiff was sincerely in fear for his safety to pursue the grievance appeal, Plaintiff would have made that argument to this Court.  Plaintiff did not.  Instead, he suggested he was not given the appropriate forms.  I reject that suggestion and I do not find that administrative remedies were unavailable to Plaintiff. Therefore, because it is undisputed that Plaintiff did not exhaust administrative remedies, or at least did not do so properly in accordance with D.O.C. rules, the motion to dismiss should be granted.

Furthermore, Plaintiff's argument that he did not know of the requirement to exhaust as provided for in 42 U.S.C. § 1997e(a) is rejected.  The exhaustion requirement is clearly explained in bold type in Section III of the complaint form.  Plaintiff saw that information twice, first when he submitted the initial complaint, doc. 1, and again when he filed the amended complaint, doc. 7.  Plaintiff's argument on that point is rejected.

Plaintiff has chosen not to outright deny that he filed the prior litigation as pointed out in the motion to dismiss.  Instead, Plaintiff argues that he cannot view the online information and said he did not remember what he had filed.  Plaintiff's argument that he cannot research his prior cases is frivolous.  There was no need to research the information because the relevant documents were provided to Plaintiff in the numerous exhibits submitted with the motion to dismiss.  Plaintiff is required to keep up with his prior litigation, which should now be an easy process as detailed in this report and recommendation.

One more point of clarification is provided for Plaintiff.  Under the PLRA, Congress mandated as follows:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained
> in any facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If this report and recommendation is adopted, Plaintiff will now

have accumulated three such dismissals.  Case 2:96cv1304-MHT-CSC was dismissed

in the United States District Court, Middle District of Alabama, pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (iii), prior to service.  Doc. 27-5.  That dismissal counts as Plaintiff's

first strike.  Plaintiff also received a second strike in the same court for case

1:98cv1371-WHA-CSC.  Doc. 27-8.  That case was also "dismissed with prejudice prior

to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)."  *Id.*

Dismissal for failing to exhaust administrative remedies falls within the category

of failure to state a claim upon which relief may be granted.  Rivera v. Allin, 144 F.3d

719, 731 (11th Cir. 1998).  Plaintiff should have the third strike imposed under § 1915(g)

for this case.  Moreover, a strike would be appropriate for Plaintiff's failure to

acknowledge his prior cases in this Court which is abuse of the judicial process.[3]

Whether or not cases were dismissed as frivolous prior to the enactment of the PLRA is

irrelevant.  *See* Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998), *accord* Rivera,

144. F.3d at 723-30.

---

[3] The court noted in Rivera that "[a]lthough the district court may not have
uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process
is precisely the type of strike that Congress envisioned when drafting section
1915(g).'  144 F.3d at 731.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

motion to dismiss, doc. 27, be **GRANTED**, and Plaintiff's amended complaint, doc. 7, be

**DISMISSED without prejudice** for failure to exhaust administrative remedies pursuant

to 42 U.S.C. § 1997(e) which is the equivalent of failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii), and for failure to disclose Plaintiff's prior litigation**,** and that the order

adopting this report and recommendation direct the Clerk of Court to note on the docket

that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 21, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**